JOSEPH JOHNSON v. ALEXANDER STALCUP.

AWARD. *Mistake. Ratification of by parties. Estoppel.* A party in whose favor an award for a sum of money is made, and who, after he discovers the mistake, sues and recovers and accepts payment of the amount awarded, cannot then have relief and recover a further sum, upon the ground, that, by mistake, the award is not for enough. It is then too late for him to ask to have the award set aside or corrected for mistake.

FROM DAVIDSON.

No record can be found.

McFARLAND, J., delivered the opinion of the Court.

Johnson and Stalcup submitted matters of account in dispute between them to their arbitrators, who heard the parties and published their award in favor of

Johnson for $113 19.    The arbitrators afterwards met
and made an addition to their award, showing that
they had committed an error in calculation, and that
the true amount in favor of Johnson was $365 49.
This was done in the absence, and without the consent
of Stalcup.    Johnson then brought suit against Stal-
cup in the Circuit Court.    The record of that case
is not before us, but it appears from the testimony
of one of the attorneys, (not excepted to on this
ground,) that his declaration contained three counts,
one upon the bond of submission to the arbitrators,
one on the original indebtedness, and one upon the
amended or corrected award.    Upon the trial of this
cause there was judgment for Johnson for $120, which
was acquiesced in by both parties, and it appears in
proof that it has been paid by Stalcup.    Johnson
then filed this bill, charging that in the first award
made by the arbitrators there was a mistake of figures
in adding, multiplying or dividing, to the amount
stated, which they subsequently corrected, as above set
forth, but that upon the trial in the Circuit Court,
the Judge held that the arbitrators had no power to
make the correction, and that, in that Court, the first
award was conclusive; that if the complainant had any
remedy against the mistake, it was in a Court of
Equity; that, as a result, without passing upon the
original indebtedness, the jury gave their verdict upon
the first award.    The prayer of the bill is, that the
mistake be corrected, and that he have a decree against
the defendant for the amount of the error.    The de-

fendant demurred, and afterwards answered, denying that there was any mistake, and insisting that the judgment at law was conclusive. There was evidence both as to the question of mistake and as to the proceedings upon the trial in the Circuit Court. It appears, that, upon the trial, the entire evidence of the original accounts was gone into, but the Judge held that the first award was conclusive, and it seems probable that the jury based their verdict upon this award. The Chancellor's decree holds that the mistake is established by proof, and refers the cause to the Clerk for an account of the original matters of indebtedness, the defendant to be credited with the amount of the judgment in the Circuit Court. Before taking this account the defendant appealed. There can be no doubt of the jurisdiction of a Chancery Court to grant relief against awards rendered upon a mistake of the character here alleged, but the question is, can a party in whose favor an award for a sum of money is made and who, after he discovers the mistake, sues and recovers and accepts payment of the amount awarded, then have relief and recover a further sum, upon the ground that, by mistake, the award was not for enough? We think not. In such case the party ratifies the award with knowledge of the mistake, accepts its benefits by obtaining judgment upon it and accepting payment. We think it is then too late for him to ask to have the award set aside or corrected for mistake.

This bill makes no case for a new trial at law,

and does not complain of that judgment, but prays for another judgment for the balance he ought to have had. It is true, the complainant in this case did not, according to the proof, declare upon the first or original award, and without this he ought not, probably, to have had judgment upon it; but if the judgment was not predicated upon this award, then it must have been upon the original indebtedness, and if upon the original indebtedness, the complainant having submitted to it, he is certainly precluded. If the parties, without objection, chose upon the trial at law to go behind the award, and submit the original matter of dispute to the jury, and submit to the verdict and judgment rendered thereon, neither party can now complain. It is true, that the proof makes it probable, that, under the direction of the Judge the jury predicated their verdict upon the first award. If this was error, because not declared upon, still the complainant submitted to it and accepted the judgment in his favor. He accepted the benefit of the award as far as it went, and having received this, he now proposes to litigate as to how much more he ought to have had. However clear the complainant's right to relief may have been, we think he is now without remedy.

Let the decree be reversed and the bill dismissed with costs.